IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| JAMES P. CARROLL | : | CIVIL ACTION |
| v. | : | No. 08-147 |
| DAWN PROSSER | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                                                   **June 6, 2012**

In this turnover action, James P. Carroll, the Chapter 7 trustee for the bankruptcy estate of non-party Debtor Jeffrey Prosser, seeks to restore to the estate pre-petition fraudulent transfers and post-petition unauthorized transfers made from Debtor Jeffrey Prosser to his wife, Defendant Dawn Prosser. Following trial, the jury returned a verdict in favor of Trustee Carroll and against Prosser.[1] Thereafter, Prosser moved for judgment as a matter of law and, in the alternative, filed a "protective" motion for a new trial. The Trustee moved for judgment on the jury verdict.

In her motion for judgment as a matter of law, Prosser argues Carroll failed to present any evidence that Jeffrey Prosser owned the assets at the time of their transfer. Specifically, Prosser argues the evidence was necessarily insufficient because the jury in the parallel Chapter 11 case, *Stan Springel v. Dawn Prosser*, No. 08-146 (D.V.I.), found the transfers were made directly from Jeffrey Prosser's company to his wife for fair value and without fraud, indicating Jeffrey Prosser never owned the assets. In addition, Prosser argues Carroll failed to prove Jeffrey Prosser's insolvency at

---

[1] By agreement of all parties, this case was tried contemporaneously with the parallel Chapter 11 case, *Stan Springel v. Dawn Prosser*, No. 08-146 (D.V.I.) to two separate juries. Although the two juries heard the overlapping evidence in the two cases at the same time as each other, each jury heard a separate opening and closing, each jury was charged independently of the other, and each jury deliberated separately.

the time of each transfer, an essential element of Carroll's claims. Carroll contends these two issues have been waived because Prosser failed to raise them in a motion for judgment as a matter of law prior to submission of all the evidence to the jury. Alternatively, Carroll asserts Prosser's arguments fail as a matter of law.

Federal Rule of Civil Procedure 50, which was amended in 2006, permits a court to grant judgment as a matter of law "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Price v. Trans Union, L.L.C.*, No. 09-1332, 2012 WL 898687, at *2 (E.D. Pa. Mar. 16, 2012) (quoting *LePage's Inc. v. 3M*, 324 F.3d 141, 145-46 (3d Cir. 2003)). In determining whether to grant this "sparingly invoked remedy," the court must "refrain from weighing the evidence, determining the credibility of witnesses, or substituting [its] own version of the facts for that of the jury." *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007) (internal citations and quotation marks omitted). A motion for judgment as a matter of law may "be made at any time before the case is submitted to the jury." Fed R. Civ. P. 50(a)(2). As long as the motion was raised before the jury received the case, the movant may renew the motion within 28 days after entry of judgment. Fed. R. Civ. P. 50(b). However, failure to make a motion for judgment as a matter of law during trial "wholly waives the right to mount any post-trial attack on the sufficiency of the evidence." *Murphy v. City of Phila. Dep't of Recreation*, No. 07-4104, 2011 WL 3652480, at *3 n.1 (E.D. Pa. Aug. 19, 2011) (citations omitted); *see also Jeckell v. Crestwood Area Sch. Dist.*, No. 04-1135, 2008 WL 4372797, at *2-3 (M.D. Pa. Sept. 18, 2008).

Although Prosser made a Rule 50 motion during trial, her argument, as it related to the Chapter 7 case, was only that Trustee Carroll did not adduce proof of actual intent by Jeffrey Prosser

2

to hinder, delay, or defraud his creditors. This is not the same as arguing Trustee Carroll failed to prove Jeffrey Prosser owned the assets he transferred to his wife. In addition, Prosser asserted an insolvency argument, however this argument related only to the solvency of Jeffrey Prosser's company, and not to himself personally. Thus, because Prosser did not raise either of the arguments she seeks to raise herein at trial, they are deemed waived.

Prosser contends it would be unfair and inequitable to find waiver, as her arguments could not have been raised until the jury in the Chapter 11 case delivered its verdict. Prosser thus contends this Court should view the Chapter 11 jury verdict as newly discovered evidence pursuant to Federal Rule of Civil Procedure 60 (permitting a court to relieve a party from a final judgment for, *inter alia*, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"). This Court disagrees.

The verdict in the parallel Chapter 11 case is entirely irrelevant to the issue of whether Prosser could have raised the arguments made here before the jury's deliberations. Indeed, the Chapter 11 jury's finding was based on evidence submitted prior to that jury's deliberations. If, based on the evidence submitted at trial, the Chapter 11 jury could find the transfers at issue in that case were made directly from Jeffrey Prosser's company to his wife for fair value and without fraud, so too Prosser could have argued—"at any time" during the course of the trial, and certainly once all the evidence had been submitted to the jury—that Carroll failed to present evidence showing Jeffrey Prosser owned the assets he transferred to his wife, and failed to present evidence showing Jeffrey Prosser's insolvency at the time of each transfer. There is no reason why Prosser had to wait for the jury verdict in the parallel case before raising either of those arguments.

Even if this Court were to find Prosser's arguments not waived, however, the motion is

3

denied as a matter of law. Upon review of the evidence submitted to the jury, this Court finds Trustee Carroll submitted sufficient evidence regarding Jeffrey Prosser's ownership of the assets he fraudulently transferred to his wife to support the verdict in this case. In addition, the Court finds Jeffrey Prosser's insolvency at the time of each transfer is not an essential element of Trustee Carroll's claims.

Trustee Carroll presented Alan Barbree, a forensic accounting expert, to testify about Jeffrey Prosser's ownership of each of the five categories of assets Carroll sought to recover in his case: (1) cash; (2) jewelry; (3) improvements to the Shoys Estate; (4) furniture; and (5) fine art and antiques. As to the first two categories, Barbee testified that Jeffrey Prosser transferred cash and jewelry to his wife via payments made directly from his personal bank account. Trial Tr. 118:3-120:7, 121:7-124:19, 125:2-15, 129: 8-130:23, 132:2-17, 135:11-136:5, 136:18-141:16, 141:20-142:11, June 7, 2011. These transfers were explained in detail at trial, and supporting documentation was included with Barbree's summary of the transfers, all of which was provided to the jury during its deliberations so it could track the payments. Based on this evidence, the jury could reasonably have concluded Jeffrey Prosser's personal bank account was the point of origin for the cash and jewelry transferred. *See id.*; *see also* Trial Exs. 201 - 203, 216. Barbree further testified that the remaining three categories of assets Trustee Carroll sought to recover (improvements to the Shoys mansion, furniture, and art and antiques) were paid for either through Jeffrey Prosser's personal bank account or through a "contra-equity account" set up at Jeffrey Prosser's company for his use. Trial Tr. 143:17-24, 144:20-145:8, 147:3-161:22, June 7, 2011. As stipulated by the parties, payments made through this contra-equity account were "distributions" made solely for the benefit of the shareholder, Jeffrey Prosser, and thus were Prosser's personal funds. *Id.* at 163. These transfers

4

were also explained in detail at trial, and supporting documentation was again provided to the jury at the time of its deliberations so it could also track these payments. *See* Trial Exs. 213-215, 217. From this evidence alone, a jury could reasonably conclude the assets paid for through the contra-equity account, as distributions to Jeffrey Prosser, were owned by Jeffrey Prosser, and were in fact transfers from Jeffrey Prosser to his wife. Moreover, Prosser herself tetified these items were gifts from her husband, providing further evidence of her husband's initial ownership. *See, e.g.*, Trial Tr. 224:6-25 (jewelry), June 7, 2011. As a result, this Court finds Trustee Carroll presented sufficient evidence for a jury to conclude Jeffrey Prosser owned the particular assets at issue which he then fraudulently transferred to his wife.

Prosser next argues Trustee Carroll failed to present evidence of Jeffrey Prosser's insolvency at the time of each transfer, which Prosser contends was an essential element of each of Carroll's claims. Trustee Carroll asserted three types of claims against Prosser. The first two types of claims were based on "actual fraud," meaning that Trustee Carroll bore the burden of proof to show Jeffrey Prosser made transfers to his wife with "actual intent to hinder, delay, or defraud a creditor." 11 U.S.C. § 548(a)(1)(A) (actual fraud provision); *In re Valley Bldg. & Constr. Corp.*, 435 B.R. 276, 285 (Bankr. E.D. Pa. 2010) (stating actual fraud provisions require the trustee to establish the debtor made payments with actual intent to hinder, delay, or defraud any creditor). Because "individuals are rarely willing to admit intent, actual fraud is rarely proven by direct evidence." *In re Pa. Gear Corp.*, Bankr. No. 02-36436, Adv. Nos. 03-940, 03-942, 2008 WL 2370169, at *9 (Bankr. E.D. Pa. Apr. 22, 2008). Instead, courts consider various factors, or "badges of fraud," in determining whether fraud has been proven by circumstantial evidence. *In re Am. Rehab & Physical Therapy, Inc.*, Bankr. No. 04-14562, Adv. No. 04-847, 2006 WL 1997431, at *15-16 (Bankr. E.D. Pa. May

5

Case: 3:08-cv-00147-JRS-RM Document #: 108 Filed: 06/06/12 Page 6 of 8

18, 2006). One such badge of fraud is insolvency of the debtor, but not all badges of fraud need to be shown to prove a claim of actual fraud. *In re Valley Bldg. & Constr. Corp.*, 435 B.R. at 286 (detailing 11 badges of fraud courts may consider in determining actual intent, not all of which must be proven to support a claim of actual fraud, and noting this list is "non-exhaustive"); *In re Fedders N. Am., Inc.*, 405 B.R. 527, 545 (Bankr. D. Del. 2009) ("The presence or absence of any single badge of fraud is not conclusive." (citation omitted)). Thus, while insolvency of the debtor is a factor that may support a claim for actual fraud, it is not an essential element of such a claim. The third type of claim brought by Trustee Carroll sought to recover unauthorized post-petition transfers from Jeffrey Prosser to his wife, pursuant to 11 U.S.C. § 549, which permits a trustee to avoid transfers of property belonging to the estate that occur after the commencement of the case and are not authorized under the Bankruptcy Code or by the Bankruptcy Court. 11 U.S.C. § 549(a); *see also In re Pa. Gear Corp.*, 2008 WL 2370169, at *6. To prevail on this type of claim, a trustee must show that after the commencement of the case at issue, property of the estate was transferred, and the transfer was not approved by the Bankruptcy Court or any provision of the Code. 11 U.S.C. § 549; *In re PSA, Inc.*, 335 B.R. 580, 584-85 (Bankr. D. Del. 2005). Insolvency is thus not a required element for this type of claim either. *See In re Kennesaw Mint, Inc.*, 32 B.R. 799, 803 (Bankr. N.D. Ga. 1983) ("Section 549(a) does not require the trustee to prove insolvency in order to avoid post-petition transfers.").

Moreover, the jury instructions for all three claims brought by Trustee Carroll, which were agreed upon by all parties in this case, are consistent with this law. *See* Trial Tr. 158-162, June 9, 2011 (instructing jury, as to the first type of fraudulent transfer claim, that "[a]lthough the intent to hinder, delay, or defraud a creditor is often difficult to prove by direct evidence, certain fact patterns,

6

or badges of fraud, will usually show fraudulent intent. When seeking to avoid a fraudulent transfer on the basis of actual fraud, a trustee must prove a "goodly" number of badges of fraud. No one particular badge of fraud must be proven to demonstrate intent to hinder, delay, or defraud" (and listing various badges of fraud, including insolvency of debtor)); *id.* at 163 (instructing, as to the second type of fraudulent transfer claim brought by Trustee Carroll pursuant to United States Virgin Islands law, that the jury "must find that transfers were fraudulent if Trustee Carroll has proved that Dawn Prosser received or was the beneficiary of certain transfers of property of Jeffrey Prosser, and each of those transfers was made with the actual intent to hinder, delay, or defraud then present or future creditors"); *id.* at 166 (instructing jury, as to the third type of fraudulent transfer claim brought by Trustee Carroll, that "[i]n order for Trustee Carroll to recover from Dawn Prosser[] on Trustee Carroll's post-petition transfer claims based on Section 549 of the Bankruptcy Code, you must find Trustee Carroll has proved the following three elements by a preponderance of the evidence. One, Dawn Prosser received or was the beneficiary of certain transfers of property of Jeffrey Prosser. Two, such transfers were received after the petition date of Jeffrey Prosser. Three, such transfers were not approved by the Bankruptcy Court or authorized by the Bankruptcy Code"). Given that Trustee Carroll did not need to prove insolvency of the Debtor at the time of each transfer, Prosser's argument fails, and based on the entire record before this Court, Prosser's motion for judgment as a matter of law is denied.

Alternatively, Prosser argues she is entitled to a new trial pursuant to Federal Rule of Civil Procedure 59(a) because the jury verdict is unsupportable and because judgment should be entered in favor of Prosser. Rule 59 provides, "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted

in an action in federal court." Fed. R. Civ. P. 59(a)(1). Generally, a district court may grant a motion for new trial pursuant to Rule 59 "if it determines that the verdict is inconsistent with substantial justice because the verdict is against the weight of the evidence; the damages are excessive; the trial was unfair; or that substantial errors were made in the admission or rejection of evidence or the giving or refusal of instructions." *Younis Bros. & Co. v. CIGNA Worldwide Ins. Co.*, 899 F. Supp. 1385, 1397 (E.D. Pa. 1995) (internal quotation marks omitted) (quoting *Ne. Women's Ctr., Inc. v. McMonagle*, 689 F. Supp. 465 (E.D. Pa. 1988), *aff'd in relevant part*, 868 F.2d 1342 (3d Cir. 1989). The decision to grant a new trial lies within the discretion of the district court, although "such requests are disfavored." *State Farm Mut. Auto. Ins. Co. v. Lincow*, 715 F. Supp. 2d 617, 626 (E.D. Pa. 2010) (internal citations omitted).

Prosser argues she is entitled to a new trial for essentially the same reasons advanced in her motion for judgment as a matter of law. Specifically, Prosser argues Trustee Carroll failed to prove Jeffrey Prosser owned the assets he fraudulently transferred to his wife in his individual capacity, and not as an officer of his company, and Trustee Carroll did not prove Jeffrey Prosser was insolvent at the time of each transfer. This motion is therefore denied for the same reasons that Prosser's motion for judgment as a matter of law was denied.

An appropriate Order follows.

BY THE COURT:

Juan R. Sánchez, J.

8